# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

| | |
|---|---|
| MATTHEW SCHOOLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:21-cv-00699-DGK |
| AMAZON LOGISTICS, INC., ARES TRANSPORTAION LLC, and NOSAZE IGHODARO,     Defendants. | ) )   . ) ) ) |

## DEFENDANT AMAZON LOGISTICS, INC.'S ANSWER TO PLAINTIFF MATTHEW SCHOOLER'S PETITION

COMES NOW Defendant, Amazon Logistics, Inc. ("Defendant" or "Amazon"), by and through undersigned counsel of record, Daniel E. Tranen and Julia E. Wilke of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its answer and affirmative defenses to Plaintiff's Petition, states as follows:

### PARTIES

1. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 1 and, therefore, denies same.

2. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 2 and, therefore, denies same. Defendant is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 2.

3. Amazon admits it was incorporated in the state of Delaware with its principal place of business in Washington. The remaining allegations of Paragraph 3 are denied as phrased.

1

4. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 4 and, therefore, denies same.

5. To the extent Paragraph 5 is directed to Amazon, Amazon denies the allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 5 and, therefore, denies same.

6. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 6 and, therefore, denies same.

7. Amazon denies the allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent this Court requires a response, Amazon denies the allegations contained in Paragraph 8.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Petition and, therefore, denies same.

10. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Petition and, therefore, denies same.

11. To the extent Paragraph 11 is directed to Amazon, Amazon denies the allegations contained in Paragraph 11. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 11 and, therefore, denies same.

12. Amazon denies the allegations contained in Paragraph 12.

13. Amazon admits it owned the trailer involved in the subject accident. The remaining allegations of Paragraph 13 are denied.

14. Amazon admits that at the time of the incident described in Plaintiff's Petition, Defendant Ares had an agreement with Amazon to use its trailer. The remaining allegations of Paragraph 14 are denied.

15. Amazon admits that it owned the trailer involved in the subject accident. The remaining allegations of Paragraph 15 are denied.

16. Amazon is without sufficient personal knowledge to admit or deny the allegations stated in Paragraph 16 and, therefore, denies same.

17. To the extent Paragraph 17 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies same.

18. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 18 and, therefore, denies same.

19. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 19 and, therefore, denies same.

20. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 20 and, therefore, denies same.

21. To the extent Paragraph 21 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 21 and, therefore, denies same.

22. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 22 and, therefore, denies same.

23. Amazon is without sufficient personal knowledge to admit or deny the allegations contained in Paragraph 23 and, therefore, denies same.

## COUNT I

24. Amazon incorporates its answers to Paragraphs 1-23 as if set forth fully herein.

25. To the extent Paragraph 25 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 25 and, therefore, denies same.

26. Amazon admits it owned the trailer involved in the subject accident. The remaining allegations of Paragraph 26 are denied.

27. Paragraph 27 contains a legal conclusion to which no response is required. To the extent this Court requires a response, Amazon denies the allegations contained in Paragraph 27.

28. Amazon denies the allegations contained in Paragraph 28 and all of its subparts a-k.

29. Amazon denies the allegations contained in Paragraph 29.

30. Amazon denies the allegations contained in Paragraph 30.

31. Amazon denies the allegations contained in Paragraph 31.

WHEREFORE, having fully answered Count I of Plaintiff's Petition, Defendant Amazon prays this Court dismiss Count I with prejudice and reimburse Amazon for its reasonable costs and attorney's fees, and for any and all further relief as this Court deems just and proper.

## COUNT II

32. Amazon incorporates its responses to Paragraphs 1-32 as if set forth fully herein.

33. To the extent Paragraph 33 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 33 and, therefore, denies same.

34. Amazon admits it owned the trailer involved in the subject accident. The remaining allegations of Paragraph 34 are denied.

35. Paragraph 35 contains a legal conclusion to which no response is required. To the extent this Court requires a response, Amazon denies the allegations contained in Paragraph 35.

36. Paragraph 36 contains a legal conclusion to which no response is required. To the extent Paragraph 36 contains factual allegations, Amazon denies the allegations contained in Paragraph 36.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent Paragraph 37 contains factual allegations, Amazon denies the allegations contained in Paragraph 37.

38. Paragraph 38 contains a legal conclusion to which no response is required. To the extent this Court requires a response, Amazon denies the allegations contained in Paragraph 38.

39. Paragraph 39 contains a legal conclusion to which no response is required. To the extent this Court requires a response, Amazon denies the allegations contained in Paragraph 39.

40. Amazon denies the allegation contained in Paragraph 40.

41. Amazon denies the allegations contained in Paragraph 41.

42. To the extent Paragraph 42 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 42 and, therefore, denies same.

WHEREFORE, having fully answered Count II of Plaintiff's Petition, Defendant Amazon prays this Court dismiss Count II with prejudice, reimburse Amazon for its costs and reasonable attorney's fees, and for any and all further relief as this Court deems just and proper.

## COUNT III

43. Amazon incorporates its responses to Paragraphs 1-42 as if fully set forth herein.

44. To the extent Paragraph 44 is directed to Amazon, Amazon denies these allegations. Amazon is without sufficient personal knowledge to admit or deny the remaining allegations contained in Paragraph 44, and, therefore, denies same.

45. Amazon admits it owned the trailer involved in the subject accident. The remaining allegations of Paragraph 45 are denied.

46. Amazon denies the allegations contained in Paragraph 46 and its subparts a-f.

47. Amazon denies the allegations contained in Paragraph 47.

48. Amazon denies the allegations contained in Paragraph 48.

49. Amazon denies the allegations contained in Paragraph 49.

WHEREFORE, having fully answered Count III of Plaintiff's Petition, Defendant Amazon prays this Court dismiss Count III with prejudice, reimburse Amazon for its costs and reasonable attorney's fees, and for any and all further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defense, Defendant Amazon Logistics, Inc. states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred or limited, or both, by the failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged injuries, if any, were the result of other named defendants or independent third parties over which Amazon has no control, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent, intervening, and superseding causes of the alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of injury to the Plaintiff was the negligent acts or omissions of Plaintiff, other named defendants, or other third parties, and not the conduct of Amazon.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are subject to reduction arising from comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Mo. Rev. Stat. § 537.067, Amazon is only severally liable for their proportionate share of compensatory damages under 51%, and it is entitled to a jury interrogatory as to this issue.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join all necessary parties.

## EIGHTH AFFIRMATIVE DEFENSE

Amazon is entitled to an offset against any potential damages awarded to Plaintiff, as a result of any payment made to the Plaintiff by other co-defendants, insurance companies, governmental entities or agencies, or any other third parties as payment for or relating to the alleged injury or damage to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

There was no negligence, gross negligence, misconduct, willful misconduct, or malice (actual, legal, or otherwise) on the part of Amazon as to the Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

An award of punitive damages against Amazon will be in violation of Amazon's constitutional rights as guaranteed through the Fourteenth Amendment, Eighth Amendment, and Article I, Section 10, of the United States Constitution, and comparable provisions of the Constitution of the State of Missouri.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Amazon are expressly preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1) and the Interstate Commerce Commission Termination ("ICCTA"), 49 U.S.C. § 14501(c)(1), among other federal statutes. For example, the claims in this lawsuit seek relief under Missouri common law that have an effect on the prices, routes, and services as covered under federal law, and which directly relate to and have a significant economic impact on the core services performed by Amazon. As a result, all such claims against Amazon should be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff was injured, which Amazon denies, Plaintiff expressly or impliedly assumed the risk of injury with full knowledge of all attendant circumstances, and that assumption of the risk proximately contributed to his injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

Amazon reserves its right to assert additional affirmative defenses that are revealed during the course of its investigation and discovery in this matter.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Amazon prays this Court dismiss Plaintiff's Petition with prejudice, reimburse Amazon for its costs and reasonable attorney's fees, and for any other such relief as this Court deems just and proper.

Respectfully Submitted,

**Amazon Logistics, Inc.**

*By: /s/Daniel E. Tranen*
Daniel E. Tranen, #48585
Julia E. Wilke #57683
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7751 Carondelet Ave., Suite 203
Saint Louis, MO 63105
(618) 307-0200
daniel.tranen@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using ECF system on this 26th day of October 2021, which shall send a notice of electronic filing to all counsel of record.

*/s/Daniel E. Tranen*